CLUNE, Respondent, vs. THE MILWAUKEE & NORTHERN RAILROAD COMPANY, Appellant.

*January 8 — January 28, 1890.*

*Railroads: Fires: Negligence: Court and jury.*

In an action to recover for damage done by fires alleged to have been negligently set on the defendant's right of way and allowed to spread therefrom to plaintiff's land, it is *held* that upon the evidence (too voluminous to be here stated) the questions of defendant's negligence and plaintiff's contributory negligence were properly left to the jury, and there was no abuse of discretion in refusing to set aside a verdict in favor of the plaintiff.

APPEAL from the Circuit Court for *Brown* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

This is an action for damage by fire to the plaintiff's timber, fences, and land by reason of the alleged negligence of the defendant in setting fires on its right of way and negligently allowing the same to continue thereon unattended. The answer denies such negligence, and alleges contributory negligence. At the close of the trial the jury returned a special verdict, to the effect: (1) That the fire which caused the damage in question did not start near the north line of the northwest quarter of plaintiff's land; (2) that the defendant's agents did not put out the fire which they set on the defendant's right of way on the southwest quarter of plaintiff's land, at or near "Clune's Crossing;" (3) that the fire so set spread to and over the plaintiff's land, and caused the damage complained of; (4) that the servants of the defendant were negligent in not guarding said fire and preventing it from spreading to plaintiff's land; (5) that the plaintiff was not guilty of any want of ordinary care in not preventing said fire from spreading and burning his property; (6) that the fire damaged the plaintiff's timber, pasture, soil, and fences, in the aggregate, $800. Thereupon the court denied the motion of the defendant to set aside the verdict and grant a new trial, and granted the motion of the plaintiff for judgment upon said verdict, which was ordered accordingly. From the judgment entered upon that verdict the defendant appeals.

For the appellant there was a brief by *Charles E. Vroman* and *Alfred H. Bright,* and oral argument by *Mr. Bright.* As to plaintiff's contributory negligence, they cited *Ill. Cent. R. Co. v. McClellan,* 42 Ill. 355; *Bass v. C., B. & Q. R. Co.* 28 id. 9.

For the respondent there was a brief by *Ellis, Greene & Merrill,* and oral argument by *E. H. Ellis.* As to the de-

gree of care and diligence required of the plaintiff under the circumstances, they cited *Ward v. M. & St. P. R. Co.* 29 Wis. 149, 151–2; *Dreher v. Fitchburg,* 22 id. 677–8; *Kellogg v. C. & N. W. R. Co.* 26 id. 231–235, 255–258; *Fero v. B. & S. L. R. Co.* 22 N. Y. 216. To the point that the questions of negligence were properly left to the jury, they cited, as to defendant's negligence: *White v. M. P. R. Co.* 31 Kan. 280; *Flynn v. S. F. & S. J. R. Co.* 40 Cal. 14; *Ohio & M. R. Co. v. Shanefelt,* 47 Ill. 497; *Barron v. Eldredge,* 100 Mass. 459; *Webb v. R., W. & O. R. Co.* 49 N. Y. 420; *Snyder v. P., C. & St. L. R. Co.* 11 W. Va. 14; *Gulf, C. & S. F. R. Co. v. Benson,* 69 Tex. 407; *West v. C. & N. W. R. Co.* 77 Iowa. 654. As to plaintiff's contributory negligence: *Fero v. B. & S. L. R. Co.* 22 N. Y. 209; *Murphy v. C. & N. W. R. Co.* 45 Wis. 239, 242; *Ross v. B. & W. R. Co.* 6 Allen, 87, 92; *Collins v. N. Y. C. & H. R. R. Co.* 5 Hun, 502–3.

CASSODAY, J. There is evidence on the part of the defense to the effect that on or about July 28, 1887, the defendant's sectionmen began burning off the right of way a mile south of the plaintiff's land; that they continued such burning northward until the middle of the afternoon of August 2, 1887, when they came to the crossing at the south line of the plaintiff's land; that they continued and burned off about a quarter of a mile of such right of way on the plaintiff's land that afternoon; that they left a man there over night to watch the fire; that they got orders on that same evening not to burn any more, and consequently stopped; that on August 3, 1887, there were three or four stumps burning on the defendant's right of way, on the plaintiff's land; that on that day the sectionmen worked in that quarter of a mile, and also a mile south of the plaintiff's land; that August 4, 1887, was a kind of windy day, and started the fire a little on the plaintiff's land, but the

sectionmen were right on hand, and stopped it again; that on the afternoon of that day there was a heavy shower of rain, putting out all the fires, except one stump on the plaintiff's land, about ten feet from the right of way at the north end, where they left off burning, and that they put that out; that there were no signs of fire there on the 5th, 6th, or 7th; that they went over the right of way on the plaintiff's land on Monday, August 8, 1887, and before the burning of any of the fences or timber; that about noon of that day they discovered that a big fire was raging on the north part of the plaintiff's land, and still another some miles north of that.

There is evidence on the part of the plaintiff to the effect that, about the time when the sectionmen began burning off the right of way on the south part of the plaintiff's land, he protested against their doing so, by reason of its endangering his grain, timber, and other property; that such remonstrance was repeated the second, and possibly a third, time; that, notwithstanding such protests, they continued such burning; that at no time was the fire put entirely out on the right of way, but continued in old logs and stumps; that the plaintiff himself attempted to put out the fire on one or two occasions, but failed; that the plaintiff was unable to tell the length of time from the commencement of such burning of the right of way on his land to the day when the timber and other property were burned, but judged it to be some three or four days; that during said time he was engaged harvesting his oats; that he examined the places from which smoke emanated every morning; that when the sectionmen went away the plaintiff supposed they would return and take care of the fire; that on the morning of the day when the timber burned there appeared to be no danger from the fire, unless the wind should arise; that, when he went to his dinner from the other field, he could see just a little smoke; that after coming out from

dinner he could see the fire; that "the wind was raising a little then, and kept raising" thereafter; and that the fire began to rage about 2 o'clock of the afternoon of that day.

The testimony in the record is voluminous. No purpose can be served by a review of it. We have only attempted to indicate something of its general character. The principles of law involved are well established by numerous decisions of this court, which are familiar to the profession. Some of them are cited by counsel. It would be of no benefit to review such adjudications, or to restate principles upon which there is no chance for any difference of opinion. The only question involved is whether the facts are such as to have required the trial court to take the case from the jury, or to set aside the verdict. We are all agreed that the evidence is such as to warrant the finding of the defendant's negligence. There is strong ground for the argument that the plaintiff was also guilty of contributory negligence. But it is conceded that the defendant set fires upon its right of way when everything was exceedingly dry. This being so, the law imposed upon the defendant the duty of watching such fires and preventing their running onto adjoining land. The defendant confessedly undertook to so guard the fires, and to extinguish them. It is conceded that the section foreman passed along the right of way, by the place where the testimony tends to show that the fire was communicated from the right of way to the plaintiff's timber, on the same day and before it was so communicated. There is no pretense that any attempt was then made by the defendant to put it out. It is true that the obligation of the defendant to guard and finally extinguish the fires it had set upon its right of way did not relieve the plaintiff from the exercise of ordinary care in protecting his property from imminent danger from such fires. According to his testimony, he did exercise some care, by examining the places from whence smoke emanated each morning. He did that on the day

the timber was burned.   But the mere fact that he knew that fire had been set by the defendant upon its right of way, and was still smoldering thereon in stumps and logs, did not necessarily and as a matter of law require him to leave his harvesting and extinguish the fires — otherwise, there would always be contributory negligence whenever the land-owner has knowledge that such right of way is being burned.   In the absence of any knowledge or reasonable cause to believe to the contrary, the plaintiff might properly assume that the defendant was performing its duty in guarding such fires.   The evidence fails to present such a case of imminent danger to the plaintiff's property, and to his knowledge, on the forenoon of the day on which the timber was burned, as to make it an abuse of discretion in the trial court to refuse to set aside the verdict as against evidence.

*By the Court.*— The judgment of the circuit court is affirmed.